IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARLOW PALMORE,

                                                                             ORDER

                Plaintiff,

                                                                     09-cv-282-bbc

    v.

BECKY MASS,
MIKE POLENSKA,
and JANE or JOHN DOES 1-9,
Prison Industries Board Members,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is proposed civil action for monetary relief brought pursuant to 42 U.S.C. § 1983. Plaintiff Marlow Palmore alleges that he was fired from his job with the Badger State Industries shop at the Fox Lake Correctional Institution because of his race, in violation of his federal and state constitutional rights.

      Now before the court is petitioner's request for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915, as well a request for appointment of counsel. Plaintiff has made his initial partial payment in accordance with 28 U.S.C. § 1915. However, because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to

1

state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed the complaint, I conclude that it fails to give defendants proper notice of their involvement in the alleged violations of plaintiff's rights, and I will stay a decision on plaintiff's request for appointment of counsel.

I understand plaintiff to contend that defendants discriminated against him because of his race in violation of federal and state laws. The requirements for stating a discrimination claim are minimal. Plaintiff is not required to come forward with evidence of his claim or even to plead all of a claim's elements. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002); Kolupa v. Roselle Park Dist., 438 F.3d 713, 714 (7th Cir. 2006). Rather, it is sufficient if the plaintiff alleges that "discriminatory motives [led to] discriminatory treatment of him." Antonelli v. Sheehan, 81 F.3d 1422, 1433 (7th Cir. 1996); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948 (2009) (plaintiff must plead sufficient factual matter to show that defendant adopted or implemented policies "for the purpose of discriminating on account of race, religion, or national origin").

Even construing his complaint liberally, I conclude that plaintiff's complaint fails to comply with Fed. R. Civ. P. 8, which requires a complaint to include "a short and plain

2

statement of the claim showing that the pleader is entitled to relief." Part of the requirement of Rule 8 is to give each defendant notice of the claim. EEOC v. Concentra Health Services, Inc., 469 F.3d 773, 776 (7th Cir. 2007) ("[T]he complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.")

Plaintiff's complaint contains a number of problems. First, plaintiff is suing 11 defendants for discrimination over his termination from his job with the shop at Fox Lake Correctional Institution. However, he does not allege that any of these individuals were involved personally in the decision to terminate him. Plaintiff alleges that defendant Becky Mass stated that "there are too many black clerks working here" and that defendant Polenska was aware of this statement. However, his complaint does not state that these defendants had any involvement in the decision to terminate him and it is not reasonable to infer that they were.

Second, although plaintiff has made a general allegation of discrimination, he has failed to connect this allegation to his specific injury, namely, that he was fired because of his race. Plaintiff must identify who fired him because of his race. From plaintiff's complaint, it is not clear who acted with discriminatory intent when firing him and it is not reasonable to infer that the named defendants were responsible for his termination. A plaintiff must show that each defendant either directly participated in the violation or knew

3

about the conduct and facilitated it, approved it, condoned it or turned a blind eye for fear of what he or she might see. Morfin v. City of East Chicago, 349 F.3d 989, 1001 (7th Cir. 2003).

Another problem in some of plaintiff's allegations relates to the doctrine of standing, which limits a plaintiff's claims to those involving conduct that has harmed him personally. Laskowski v. Spellings, 546 F.3d 822, 825 (7th Cir. 2008) ("The general rule is that a plaintiff has standing to sue only for injuries to his own interests that can be remedied by a court order.") For example, plaintiff alleges that:

> Prison Industries Board is suppose[d] to monitor the racial make up of the shop. They are authorized to implement any necessary action to ensure Affirmative Action Compliance. According to the shop supervisor the racial break-down is 49% non white and 51% white. Even this composition is in violation because the shop is suppose[d] to represent the racial make-up of Wisconsin's prison population.

Although plaintiff alleges that defendant Prison Industries Board is discriminating against non-white inmates generally, plaintiff may not sue to enforce the rights of all non-white prisoners. Plaintiff may not sue the Board for failing to follow the affirmative action policy unless its failure to follow the policy directly injures him. In other words, to the extent that any of the Jane or John Doe members of the Prison Industries Board were involved or responsible for his termination, plaintiff may bring his claim against them. Otherwise, a claim that "the Board" is failing to follow a policy or mandate does not entitle plaintiff to

4

sue.

Plaintiff may have until July 6, 2009 to file an amended complaint that complies with Rule 8.  When drafting his amended complaint, he should ask himself whether someone reading the complaint should be able to answer the following questions with respect to each claim:

- What are the facts that form the basis for plaintiff's claims?
- What did each defendant do that makes him or her liable for violating plaintiff's rights?
- How was plaintiff injured by a particular defendant's conduct?

Should plaintiff submit an amended complaint, I will screen it pursuant to 28 U.S.C. 1915A. I will stay a ruling on plaintiff's motion for appointment of counsel until he submits a complaint that complies with Rule 8.

ORDER

IT IS ORDERED that plaintiff Marlow Palmore's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8, and his request for appointment of counsel, dkt. #1, is STAYED. Plaintiff may have until July 6, 2009, to file an amended complaint that complies with Fed. R. Civ. P. 8. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 19th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge